UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:12-cv-339-ORL-18GJK

FILED
MAR -2 PM 3:54
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

LEE MILLER & RITA MILLER,          Lower Court Case No.:2011-CA-004383 AN

    Plaintiff(s),

v.

SIRAJ/SJRAAJ MEHDI, BUDGET
RENT A CAR SYSTEM, INC., A
FOREIGN PROFIT CORPORATION, &
PV HOLDING CORP, A FOREIGN
PROFIT CORPORATION,

    Defendant(s).

                        /

## NOTICE OF REMOVAL BY DEFENDANTS

The Defendants/Petitioners, SIRAJ/SJRAAJ MEHDI, BUDGET RENT A CAR SYSTEM, INC. & PV HOLDING CORP., by and through the undersigned counsel and pursuant to 28 U.S.C.A. §1446(e), hereby file this Notice of Removal of Cause pursuant to 28 U.S.C.A. §1441, *et seq.*, and 28 U.S.C.A. §1332, to remove to the United States District Court, Middle District of Florida, Orlando Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the 9th Judicial Circuit, in and for Osceola County, Florida (the "State Court"), Case No: 2011-CA-004383 AN; and styled LEE MILLER & RITA MILLER *v.* SIRAJ/SJRAAJ MEHDI, BUDGET RENT A CAR SYSTEM, INC.

& PV HOLDING CORP. In support of this Notice of Removal of Cause, the following would be averred:

1. The Plaintiffs, LEE MILLER & RITA MILLER, filed a personal injury negligence action in the Circuit Court of the Ninth Judicial Circuit, Osceola County, Florida (Case No.: 2011-CA-004383 AN) based upon an accident occurring on or about December 31, 2007, where the Plaintiffs, LEE MILLER & RITA MILLER, were involved in a motor vehicle accident with Defendant SIRAJ/SIRAAJ MEHDI on SR 535 in Kissimmee, Osceola County, Florida. (A copy of the Plaintiffs' Complaint is attached as **Exhibit "A"**).

2. Pursuant to 28 U.S.C. §1446 and Local Rules, a copy of all process, pleadings, orders, and other papers or exhibits on file in the case are attached as **Composite Exhibit "B"** and delineated as follows: (a) Complaint; (b) Summons; (c) Defendants BUDGET RENT A CAR SYSTEM, INC. and PV HOLDING CORP.'S Motion to Dismiss and (d) Defendant SIRAJ/SIRAAJ MEHDI's Answer and Affirmative Defenses. (Any discovery filed in the State Court action will not be filed in the instant action pursuant to Federal and/or Local Rules).

3. The State Court action may be Removed to this Honorable Court based upon diversity jurisdiction in accordance with 28 U.S.C. §1441 and 28 U.S.C. §1332.

4. 28 U.S.C. §1441 (a) provides, in relevant part:

   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district embracing the place where such action is pending.

5. 28 U.S.C. §1441(b) provides:

   Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

6. 28 U.S.C. §1332 provides, in relevant part:

   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...

   (1) citizens of different States.

7. Subsection (c) of 28 U.S.C. § 1332 provides:
   For the purposes of this section and section 1441 of this title—

   (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...

8. 28 U.S.C. § 1446(b) provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

## **COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN ALL PROPER PARTIES**

9. There are no allegations in Plaintiffs' Complaint as to the residency or citizenship of the Plaintiffs. See Plaintiffs' Complaint, attached hereto as **Exhibit "A"**. However, upon information and belief, according to the police report (redacted portion of which is attached hereto as **Exhibit "F"**), Plaintiffs' residency and/or citizenship is South Dakota.

10. There are no allegations in the Plaintiffs' Complaint as to citizenship of the Defendants, BUDGET RENT A CAR SYSTEM, INC. & PV HOLDING CORP, or the location of their principal place of business other than the Plaintiffs' assertion that the Defendants are "foreign corporations." (See Paragraph 2 of **Exhibit "A"**). The allegations of diversity are not required to exist in the Complaint. This Court may consider other

filings, in addition to the Plaintiffs' Complaint. *Huchon v. Jankowski*, 2007 WL 221421 at *2 (S.D. Fla. 2007, Case No.: 06-10094 CIV MOORE) citing *Davis v. Cluet, Peabody & Co.*, 667 F. 2d 1371, 1373 (11th Cir. 1982).

11. The Defendant, BUDGET RENT A CAR SYSTEM, INC., is a Delaware Corporation. The principal place of business of BUDGET RENT A CAR SYSTEM, INC, is 6 Sylvan Way, Parsippany, NJ 07054. (See Florida Department of State - Division of Corporations printout attached hereto as **Exhibit "C"**).

12. Therefore, for purposes of diversity jurisdiction the Defendant, BUDGET RENT A CAR SYSTEM, INC., could only be considered a citizen of either Delaware or New Jersey, but not Florida.

13. The Defendant, PV HOLDING CORP., is a Delaware corporation. The principal place of business of PV HOLDING CORP. is 6 Sylvan Way, Parsippany, NJ 07054. (See Florida Department of State - Division of Corporations printout attached hereto as **Exhibit "D"**).

14. Therefore, for purposes of diversity jurisdiction the Defendant, PV HOLDING CORP., could only be considered a citizen of either Delaware or New Jersey, but not Florida.

15. There are no allegations that the Plaintiffs are citizens of Delaware or New Jersey. See Plaintiffs' Complaint, attached hereto as

**Exhibit "A"**.

16.    There are no allegations in Plaintiffs' Complaint regarding the residency or citizenship of Defendant, Siraj/Siraaj Mehdi.  However, as evidenced by the Affidavit attached hereto as **Exhibit "G"**, Defendant, Siraj/Siraaj Mehdi, resides in and is a citizen of the country of Canada.

## AMOUNT IN CONTROVERSY

17.    In their Complaint, the Plaintiffs have generally pled, "[T]his is an action for damages which exceeds the sum of Fifteen Thousand Dollars ($15,000.00).  (See Paragraph 1 of **Exhibit "A"**).  The Plaintiffs have not pled any specific amount of damages sought.

18.    When a plaintiff files the case in state court, and fails to plead a specific amount of damages, the removing defendant must only prove by a preponderance of the evidence that amount in controversy exceeds the jurisdictional requirements.  *Williams v. Best Buy Co. Inc.*, 269 F.3d 1316 (11th Cir. 2001).

19.    Based upon the factual allegations as phrased in the Complaint read in conjunction with the Plaintiffs' pre-suit demand letter, specifically as it relates to the amount of damages Plaintiffs are seeking in this lawsuit, the amount in controversy in this action exceeds the jurisdictional requirements of this Court.

20. On or about September 30, 2011, the Plaintiffs, through counsel, mailed to the Defendants a pre-suit demand letter, including copies of Plaintiffs' medical bills. See **Composite Exhibit "E"**.

21. Within Plaintiffs' pre-suit demand letter, the Plaintiffs indicate that LEE MILLER underwent an <u>anterior posterior fusion from L3 to sacrum utilizing posterior retroperitoneal approach for the anterior procedure and posterior pedicle screw fixation. LEE MILLER also underwent a diskectomy at L4-5 and L5-S1</u>. See **Composite Exhibit "E"** (first paragraph on Page 4).

22. Plaintiffs' pre-suit demand letter also attached copies of their medical bills, which total over $50,000.00 for LEE MILLER and $29,000.00 for RITA MILLER. Bills associated with Lee Miller's fusion surgery were not provided and are expected to be in excess of $40,000.00. See **Composite Exhibit "E"**

23. Although not dispositive, pre-suit settlement offers can be considered in establishing that the jurisdictional threshold has been met. *Burns v. Windsor Ins.Co.*, 31 F.3d 1092, 1097, (11th Cir. 1994), cited in *Morock v. Chautauqua Airlines. Inc.*, 2007 WL 1725232 (M.D. Fla. 2007, Case No. 8:07-CV-00210-T17MAP).

24. Defendants may use a variety of documents as an "other paper" under 28 U.S.C. §1446(b) to determine if the case is removable.

*Essenson v. Coale*, 848 F.Supp. 987 (M.D. Fla. 1994), cited in *Martin v. Mentor Corporation*, 142 F. Supp. 2d 1346 (M.D. Fla. 2001).

25. In their pre-suit demand letter, the Plaintiffs valued their claims at $500,000. (See **Composite Exhibit "E"**) (second-to-last paragraph on Page 5).

26. To establish jurisdiction, a removing defendant may rely upon the factual representations of plaintiff, including a plaintiff's valuation of the case. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309 (11th Cir. 2002).

27. The above information, specifically the Plaintiffs' pre-suit demand letter, can only lead to the conclusion that the amount in controversy in this matter exceeds $75,000.

28. This Notice of Removal of Cause was timely filed within thirty (30) days from February 1, 2012, the date upon which the last Defendant/Petitioner (SIRAJ/SIRAAJ MEHDI) was served with Plaintiffs' Complaint. See **Exhibit "A"**, attached. There has been no waiver by the Defendants/Petitioner of any rights to remove this cause to the Federal Court.

29. The undersigned counsel are attorneys of record for the Defendants, and have been specifically authorized to act on behalf of the Defendants/Petitioners in seeking removal of this cause to the Federal Court.

WHEREFORE, Defendants/Petitioners, SIRAJ/SJRAAJ MEHDI, BUDGET RENT A CAR SYSTEM, INC. & PV HOLDING CORP., hereby petition this Court for entry of an Order removing this cause from the Circuit Court of the 9th Judicial Circuit, in and for Osceola County, Florida, to the United States District Court, Middle District of Florida, Orlando Division, and further demand enjoining prosecution by the Plaintiffs/Respondents in the State Court proceedings and further directing that the State Court action shall proceed no further and last until further Order of Remand is forthcoming from this Court.

RESPECTFULLY SUBMITTED this 2nd day of March, 2012.

LUKS, SANTANIELLO,
PETRILLO & JONES
Attorneys for Defendant
255 South Orange Avenue
Suite 750
Orlando, FL 32801
Telephone: (407) 540-9170
Facsimile: (407) 540-9171

By: _____
PAUL S. JONES, ESQUIRE
Florida Bar No.: 149550
psj@ls-law.com
LEENA T. JOSEPH, ESQUIRE
Florida Bar No.: 018083
LJoseph@ls-law.com

## SERVICE LIST

Jeffrey M. Byrd, P.A., 2620 East Robinson Street, Orlando, FL 32803